UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Daml and Brenda Daml,   Civil No. 07-4384 (JRT/FLN)

    Plaintiffs,

v.   **REPORT AND RECOMMENDATION**

Kevin Meyers, *et al.*,

    Defendants,

and

Federal Home Loan Mortgage Corporation,

    Intervenor.

___

Nicholas P. Slade for Plaintiffs.
Michael E. Kreun for Intervenor.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 5, 2010 on Federal Home Loan Mortgage Corporation's Motion for Summary Judgment (ECF No. 68). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **GRANTED**.

## I. BACKGROUND

In 2005, Plaintiffs Larry and Brenda Daml were facing foreclosure on their home in Anoka, Minnesota ("the Property"). (Compl. ¶ 10, ECF No. 1.) On October 12, 2005, the Property was sold at a sheriff's sale for $225,000.00, subject to a six-month redemption period. (Kreun Aff. Ex. J, ECF

1

No. 72.) After receiving notice of the foreclosure, Plaintiffs met Defendant Kevin Meyers who offered to structure a transaction that would allow them to remain in their home. (Compl. ¶¶ 15-18.) Kevin Meyers proposed a transaction in which Plaintiffs would transfer title to the Property to Kenneth Meyers, who would then lease the Property back to them with an option to purchase.[1] (Compl. ¶¶ 29-30.)

At the November 15, 2005 closing, Plaintiffs signed a warranty deed conveying the Property to Kenneth Meyers. (Kreun Aff. Ex. K.) This warranty deed was recorded with the Anoka County Recorder on December 13, 2005 as document number 1980447.003. *Id.* Plaintiffs entered into a Residential Lease Agreement with Option to Purchase with Kenneth Meyers. (Kreun Aff. Ex. Q.) Plaintiffs never recorded the lease. (Kreun Aff. ¶ 20.) Plaintiffs allege that this foreclosure reconveyance transaction was an equitable mortgage and that the deed to Kenneth Meyers was meant only as security for a loan, not as a transfer of title. (Compl. ¶¶ 58-63.)

In order to finance the purchase of the Property, Kenneth Meyers gave a purchase money mortgage (the "Meyers Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for GN Mortgage, LLC, in the amount of $296,000.00. (Kreun Aff. Ex. M.) This mortgage was recorded with the Anoka County Recorder on December 13, 2005 as document number 1980447.004. *Id.* GN Mortgage, LLC, believed, based on the information in the loan origination file, that it was originating a loan that was secured by real property to be owned by Kenneth Meyers. (Steinle Aff. ¶ 4, ECF No. 77.) GN Mortgage, LLC had no knowledge of any

---

[1] A transaction involving the transfer of title to real property by a foreclosed homeowner and the subsequent conveyance, or promise of a subsequent conveyance, of an interest back to the foreclosed homeowner (by, for example, a contract for deed or option to purchase) is defined by Minn. Stat. § 325N.10, subd. 3 as a "foreclosure reconveyance."

unrecorded claim or ownership interest by Plaintiffs. (Steinle Aff. ¶ 5.)

The loan secured by the Meyers Mortgage was assigned to Federal Home Loan Mortgage Corporation ("Freddie Mac") on February 27, 2006. (Moschetto Aff. ¶ 3, ECF No. 71.) Kenneth Meyers defaulted under the terms of the Meyers Mortgage and the Meyers Mortgage was foreclosed. (Kreun Aff. Ex. W.) On March 15, 2007, MERS purchased the Property at a sheriff's sale. (Kreun Aff. Ex. X.) There was no redemption of the foreclosure before the expiration of the six-month redemption period, so on September 17, 2007, MERS became the record title holder. (Kreun Aff. ¶ 29.) MERS then gave a limited warranty deed to Freddie Mac, which was recorded with the Anoka County Recorder as document number 1996809.017 on October 30, 2007. (Kreun Aff. Ex. Y.) Freddie Mac alleges that it had no knowledge of any unrecorded claim or ownership interest in the property by Plaintiffs either at the time it purchased the loan secured by the Meyers Mortgage in 2006, or at the time it took record title to the property by limited warranty deed in 2007. (Moschetto Aff. ¶¶ 5 and 6.)

Plaintiffs filed their complaint on October 23, 2007. (ECF No. 1.) The Complaint alleges that the foreclosure reconveyance arrangement between the Damls and Kenneth Meyers was in violation of state and federal laws protecting foreclosed homeowners, and alleges that the foreclosure reconveyance created an equitable mortgage subject to rescission in favor of the Damls. (Compl. ¶¶ 81-171.) Freddie Mac was not included as a defendant in the original complaint, but intervened on July 1, 2008. (ECF Nos. 21, 27.) On August 26, 2008, District Court Judge John R. Tunheim entered an Order of Default Judgment against Defendants Kevin Meyers, Kenneth Meyers, Total Title, LLC, and Investco, Inc. (ECF No. 28.) On July 9, 2009, Judge Tunheim vacated the Default Judgment. (ECF No. 42.) On April 16, 2010, Judge Tunheim denied Plaintiffs' Motion to

Reinstate Default Judgment, because to do so would prejudice Freddie Mac's ability to fully defend against Plaintiffs' claims. (ECF No. 64.) Freddie Mac now moves for summary judgment and asks the Court to declare that Freddie Mac is a bona fide purchaser for value without knowledge of the alleged reconveyance agreement and therefore is the fee simple owner of the Property.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of

the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

      **B.**      **No Genuine Issues of Material Fact Exist as to Whether Freddie Mac is a Bona Fide Purchaser**

For purposes of its Motion for Summary Judgment, Freddie Mac does not dispute the Damls' claims against the original defendants. Freddie Mac alleges that even if the Damls had an equitable mortgage with a right of rescission, Freddie Mac's interest in the Property should be deemed superior to that of the Damls because Freddie Mac is a bona fide purchaser of the Property.

Under Minnesota law, bona fide purchasers are protected by the Minnesota Recording Act.[2] Minn. Stat. § 507.34. Under the Recording Act, any unrecorded conveyance of real estate is void against any subsequent purchaser in good faith, or bona fide purchaser. *Id.* A bona fide purchaser is one who provides valuable consideration for property without actual, constructive, or implied

---

[2]The Recording Act, Minn. Stat. § 507.34, provides: "Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded, and as against any attachment levied thereon or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record prior to the recording of such conveyance."

notice of others' inconsistent outstanding rights.[3] *Miller v. Hennen*, 438 N.W.2d 366, 369 (Minn. 1989). Under the bona fide purchaser "filter rule," "a bona fide purchaser of property which was subject to a prior outstanding unrecorded interest may pass title free of the unrecorded interest to a subsequent purchaser who would otherwise not qualify as a bona fide purchaser under the recording act." *Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 524 (Minn. 1990). Therefore in this case, as long as the original mortgagee, GN Mortgage, LLC, was a bona fide purchaser, Freddie Mac, as the assignee of a bona fide purchaser, will also be protected as a bona fide purchaser under the Recording Act.

Under Minnesota law, bona fide purchasers are also specifically protected from claims by the former owners of property in foreclosure reconveyance transactions. Minnesota Statutes section 325N.17(f)(3) provides in part that ". . . no grant of any interest or encumbrance [by a foreclosure purchaser] is defeated or affected as against a bona fide purchaser or encumbrance for value without notice of a violation of sections 325N.10 to 325N.18."

The Damls conceded at the hearing that if Freddie Mac is a bona fide purchaser, Freddie Mac has a protected interest in the Property. The Damls argue that Freddie Mac is not a bona fide purchaser because it had implied notice that this was a foreclosure reconveyance transaction in which the Damls retained an interest in the Property. Implied notice has been found where one has "actual knowledge of facts which would put one on further inquiry." *Miller v. Hennen*, 438 N.W.2d 366, 370 (Minn. 1989) (quoting *Anderson v. Graham Inv. Co.*, 263 N.W.2d 382, 384-85 (Minn. 1978)). The Damls raise several facts they allege put Freddie Mac on inquiry notice of their interest in the Property. First, the Damls point to the fact that they remained in possession of the Property

---

[3]For purposes of the Recording Act, a "purchaser" includes a mortgagee. Minn. Stat. § 507.01.

after they transferred the deed to Kenneth Meyers. Minnesota courts have found that possession by one other than the record title holder serves as inquiry notice to purchasers and mortgagees of the possessor's possible interest in the property. *See Claflin v. Commercial State Bank of Two Harbors*, 487 N.W.2d 242, 248 (Minn. App. 1992). However, in this case, Kenneth Meyers gave the mortgage to GN Mortgage, LLC at the same closing at which he received the deed to the Property from the Damls. (Kreun Aff. Exs. K and M.) Therefore, at all times leading up to the closing, the Damls were the record title holders of the Property. Because the Damls' possession was consistent with record title, it would not put the mortgagees on implied notice that the Damls would retain an interest in the Property after the transfer of the deed to Kenneth Meyers.

The Damls next allege that the Family Rider attached to the loan documents gave the mortgagee notice that the Damls intended to remain in possession of the Property after the closing. While the Family Rider states that Kenneth Meyers will rent out the Property rather than possess it himself, it does not state that the Damls will be the ones to rent the Property. (Kreun Aff. Ex. M.) Therefore, the Family Rider serves as no evidence that the mortgagee should have inquired as to an interest in the Property retained by the Damls after the transfer of deed to Kenneth Meyers.

Finally, the Damls argue that Freddie Mac had implied notice of the Damls' unrecorded interest based on its knowledge of the existence of equity stripping schemes in the marketplace. To support this argument, the Damls point to several news articles about equity stripping schemes and to a pamphlet produced by Freddie Mac about preventing mortgage fraud. (Slade Aff. Exs. 1-5, ECF No. 75.) While these documents may provide some evidence that Freddie Mac knew of the existence of equity stripping schemes generally, they provide no evidence that Freddie Mac, or the original mortgagee GN Mortgage, LLC, had implied notice that the transaction between Kenneth

7

Meyers and the Damls was a foreclosure reconveyance in which the Damls retained an unrecorded interest. The Court finds that no genuine issue of material fact exists as to whether Freddie Mac had implied notice of the Damls' unrecorded interest in the Property.[4]

Because Plaintiffs have failed to bring forth sufficient facts upon which a jury could find that Freddie Mac, or GN Mortgage, LLC, had actual, implied, or constructive notice of Plaintiffs' unrecorded interest in the property, no genuine issues of material fact exist as to Freddie Mac's bona fide purchaser status. Therefore, Freddie Mac is entitled to summary judgment with regard to its claim that it is the fee simple owner of the Property. The remaining claims between Plaintiffs and Defendants Kevin Meyers, Kenneth Meyers, Total Title, LLC, and Investco, Inc. are not affected by this Report and Recommendation.

## III.  RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Federal Home Loan Mortgage Corporation's Motion for Summary Judgment (ECF No. 68) be **GRANTED**.

DATED: December 22, 2010

*S/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

---

[4]With regard to actual notice, the Damls do not dispute the statement of Samantha Steinle, an employee of GN Mortgage, LLC's successor-in-interest, in her affidavit, that at the time of the loan origination, GN had no knowledge of any unrecorded claim or ownership interest in the Property by Plaintiffs. (Steinle Aff. ¶ 5.) With regard to constructive notice, the Damls do not dispute Freddie Mac's contention that the Damls never recorded their lease with option to purchase. (Kreun Aff. ¶ 20; Plaintiff's Memorandum of Law in Opposition to Federal Home Loan Mortgage Corporation's Motion for Summary Judgment at 5, ECF No. 74.)

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 5, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 5, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.